United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIGNIFY HEALTH, LLC, <br><br> Defendant. | Case No. 23-cv-06234-RS <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED** |

Plaintiff Abante Rooter and Plumbing filed a motion for leave to file an amended complaint under which it would no longer be a party, and a new plaintiff would instead take over. The body of the motion included a hearing date, but no hearing date or briefing deadlines were docketed. Because the motion is appropriately decided without written opposition or oral argument, however, the failure to docket the motion correctly is of no consequence.

Abante is a prolific filer of putative class actions like this one, alleging defendants have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). Since 2017, Abante appears to have brought more than 70 such cases in this District, represented by the same plaintiff's counsel in each case. While the court has not reviewed the dockets of all those cases in detail, it appears virtually all of them have resulted in requests for dismissal pursuant to individual settlements, before any class certification motion has been brought.

In this case, Abante has been forced to concede that the telephone calls alleged to have violated the TCPA were *not* placed to the business cell phone number owned by Abante identified

in the complaint, but instead to an entirely different telephone number that is a residential landline owned by an individual associated with Abante. Apparently messages were forwarded from that landline to Abante's cell number, resulting in confusion as to the recipient of the calls. Abante's motion for leave to amend effectively concedes it has no claim arising from the phone calls alleged in the complaint, and that it would not even be a member of the putative class (unless it separately received calls from defendants, which it does not allege).

The motion for leave to amend insists this is a simple correction of the name of the plaintiff, and some related adjustments to the claims, given that the calls were made to a landline rather than a cell phone. The motion asserts "Plaintiff here seeks to correct an error as to the named Plaintiff, rather than add a wholly new one with no connection to the allegations in the original complaint." The motion, however, *does* seek to drop the existing plaintiff and add a wholly new one. While the proposed new plaintiff may have a "connection" to the allegations of the existing complaint, the amendment would still have the effect of dismissing the original plaintiff and bringing in a new and legally distinct plaintiff.[1] Nor is this simply a substitution of one putative class member for another to serve as named plaintiff. Abante has effectively conceded it has no claim in this action—it is not the person to whom the allegedly wrongful calls were placed, and it does not own that phone number.

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend a complaint should be "freely" given "when justice so requires." Here, despite the liberality of that standard, Abante has not shown the interests of justice require granting its motion for leave to amend. Abante itself, of course, has no interest in if or how the matters raised by its complaint are litigated. The allegedly wrongful calls were not placed to it, and it therefore lacked standing from the outset to bring the claims, and was not even a member of the putative class. It would no longer be a party under the proposed amended complaint. Accordingly, Abante is not prejudiced at all by denial of

---

[1] Although it appears the proposed new plaintiff is an individual who likely is a principal of Abante, presumably Abante is not arguing that its corporate form should be disregarded.

Case No. 23-cv-06234-RS

2

leave to amend.

Under the proposed amended complaint, the named plaintiff would be Fred Heidarpour. Assuming potential prejudice to Heidarpour is even relevant, either because he is a member of the putative class alleged in the existing complaint or for other reasons, there has been no showing that he will be unduly prejudiced if leave to amend is denied. Heidarpour will remain free to file his own action based on his allegations that defendant violated the TCPA when placing calls to his residential landline.[2] Any concern that denying leave to amend might somehow prejudice *other* members of the putative class (who of course remain free to bring their own actions, individually, or on behalf of the putative class) are of no weight, given the track record of Abante and its counsel of settling cases like these on an individual basis.

Accordingly, the motion for leave to file an amended complaint is denied. In light of Abante's apparent concession that it has no claim against defendant in this action, Abante is ordered to show cause within two weeks of the date of this order why the action should not be dismissed. In the event no response to this order is timely filed, the case will be dismissed without further notice.

---

[2] The fact that Heidarpour will be required to file a new filing fee for any such action is not unduly prejudicial. Likewise, any differences in the analysis of potential statute of limitations issues does not support allowing this action to go forward with a new and legally distinct plaintiff. Heidarpour likely will be able to contend that any statute of limitations that might otherwise affect any separate action he subsequently brings was tolled during the pendency of this case, if he was a member of the putative class. Even if that argument fails, it would not follow that allowing amendment in this case would necessarily avoid any statute of limitations problems Heidarpour might face, because he would still have to show the "relation back" doctrine applied. In any event, Abante's motion fails to establish cognizable prejudice from denial of leave to amend or that the interests of justice otherwise require the motion to be granted.

**IT IS SO ORDERED**.

Dated: April 2, 2024

_____
RICHARD SEEBORG
Chief United States District Judge